___ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

FEB 15 2017

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL MOMENT, #16-02335,	*

Plaintiff,	*

v.	*   Civil Action No. PWG-16-4040

DWIGHT DAVE JACKSON,	*

Defendant.	*

***

## MEMORANDUM OPINION

On December 21, 2016, Michael Moment filed a Complaint pursuant to 42 U.S.C. §1983, naming the Honorable Dwight David Jackson as the sole defendant. Moment presents claims arising from his August 8, 2011 conviction in *State v. Moment*, Criminal Case No. 117643C (Cir. Ct. Montgomery Cty.)[1] Judge Jackson, Associate Judge for the Circuit Court of Maryland for Prince George's County, presided over the case. On August 2, 2016, Judge Jackson held a violation of probation hearing and found Moment in violation of his probation. *Id.* Docket No. 278. Moment's sentencing hearing is currently scheduled for February 13, 2017. *Id.* Docket No. 303.[2]

---

[1] At the time Moment filed the Complaint, he provided an address that corresponds to the Montgomery County Detention Center. ECF No. 1. In other recently filed cases, Moment notified the court of a new address. *See e.g. Moment v. Denai,* Civil Action No. PWG-16-3976 (D. Md.); *Moment v. Mortel,* Civil Action No. PWG-16-3966 (D. Md). It is unclear whether that new address is for mailing purposes only and whether Moment is detained. When a defendant is released on his own recognizance prior to sentencing, he still is "in custody' because he [is] 'subject to restraints not shared by the public generally." *Wilson v. Flaherty,* 689 F.3d 332, 336 (4th Cir. 2012) (quoting *Hensley v. Mun. Court,* 411 U.S. 345, 351 (1973) (internal quotation marks and alterations omitted)).

[2] The Complaint raises no claims faulting Jackson for presiding over the violation of probation hearing. ECF 1.

The crux of Moment's claim is that Judge Jackson violated his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution because he lacked legal authority to preside over Moment's case in the Circuit Court of Montgomery County.[3] This claim is similar to the one he raised in *Moment v. Malagari*, Civil Actions No. PWG-16-2535 and PWG-16-2536 (D. Md.), which I dismissed without prejudice on August 25, 2016. In *Moment v. Malagari*, Civil Action No. PWG-16-2535, Moment filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, asserting Judge Jackson had illegally issued a bench warrant for his detention for violating his probation in case 117643C. He argued that Judge Jackson, as a member of the bench of the Circuit Court for Prince George's County, had no legal authority issue a warrant in Montgomery County. I dismissed that case without prejudice for failure to demonstrate exhaustion of state court remedies. In the second case, *Moment v. Malagari*, Civil Action No. PWG-16-2536, which was filed as a civil rights complaint pursuant to 42 U.S.C. §1983, Moment raised the same claims and sought monetary damages. I dismissed the § 1983 claims without prejudice based on *Heck v. Humphrey*, 512 U.S. 477 (1994).

In the instant matter, Moment seeks a hearing and $5,000,000 in damages for what he considers an "illegal court proceeding, illegal prosecution, and . . . illegal imprisonment." Compl. 5, ECF No. 1 5.[4] Moment also filed a Motion to Proceed in Forma Pauperis which will be granted. ECF No. 2. The in forma pauperis statutes permits an indigent litigant to initiate an action in federal court without paying the filing fee. 28 U.S.C. § 1915(a). To protect against

---

[3] On February 25, 2011, the Honorable Robert Bell, who was then Chief Judge of the Court of Appeals of Maryland designated Judge Jackson to sit, either alone or with more or more other judges, as a Judge in the Circuit Court of Mountgomery County to hear the case of *State v. Michael Moment*, Criminal Case No. 117643C (Cir. Ct. Montgomery Cty.). *Id.* Docket No. 10.

[4] This case is related cases to three § 1983 actions Moment recently filed disputing his conviction and or violation of probation. *See Moment v. Mortel*, Civil Action No. PWG-16-3966 (D. Md); *Moment v. Green*, PWG-16-3968 (D. Md.); *Moment v. Denai*, Civil Action No. PWG-16-3976 (D. Md.).

possible abuses of this privilege, the statute requires a court to dismiss any claim that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Although I recognize that Moment is a self-represented litigant and accord the Complaint liberal construction, dismissal is warranted under this standard.

First, Judge Jackson's rulings are entitled to judiciary immunity. The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam). Judicial immunity is an absolute immunity: it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id.* at 11. An act is still judicial, and immunity applies, even if the judge commits "grave procedural errors." *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 359(1978)). "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Id.* at 355–56; *see also Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (a judge may not be attacked for exercising judicial authority even if done improperly).

In *Pierson v. Ray*, 386 U.S. 547 (1967), the United States Supreme Court explained the rationale for judicial immunity:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . . This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges

would contribute not to principled and fearless decision-making but to intimidation.

*Id.* at 553–54 (citations omitted).

Further, in a case such as this "[w]here success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751. (2004) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). "In order to recover damages for an allegedly unconstitutional conviction or imprisonment or for other harm whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must demonstrate that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486–87. Moment provides no evidence that his conviction, sentence, or violation of probation was invalidated. Consequently, this claim must be dismissed without prejudice.

The in forma pauperis statute at 28 U.S.C. § 1915(g) provides that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought, on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. As Moment was incarcerated at the time he initiated this Complaint and for the reasons stated above, the Complaint fails to state a claim upon which relief may be granted. I assigned Moment a first "strike" pursuant to 28 U.S.C. § 1915(g) in *Moment v. Mortel*, Civil Action No. PWG-16-3966. (D. Md.), and a second

strike in *Moment v. Danai*, Civil Action No. PWG-16-3976. (D. Md.). I will assign him a third "strike" in this case.

## Conclusion

For these reasons, I will dismiss this case with prejudice for failure to state a claim upon which relief may be granted and assign Moment a third "strike" by separate order to follow. For the remainder of Moment's time in custody, he is barred, pursuant to 28 U.S.C. § 1915(g), from filing claims under the in forma pauperis statute unless he "is under imminent danger or serious physical injury." *Id.*

02/15/17
Date

Paul W. Grimm
United States District Judge